UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATALIE RAGLAND,

    Plaintiff,

        v.                                       CASE NO.: 6:22-cv-995

IEC US HOLDINGS, INC. D/B/A
FLORIDA CAREER COLLEGE

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, NATALIE RAGLAND ("Plaintiff"), by and through her undersigned attorney, and hereby files this Complaint against Defendant, IEC US HOLDINGS, INC. D/B/A FLORIDA CAREER COLLEGE ("Defendant"), and as grounds therefore alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant, her former employer, under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and its implementing Regulations and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended (the "FCRA"), § 760.01 *et seq.*, Florida Statutes, seeking to recover damages for Defendant's unlawful discrimination based on Age and Retaliation.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1343, 1367, and Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

3. At all times material hereto, Plaintiff maintained a residence of Lake County, Florida.

4. Defendant is a Florida for profit corporation with a principal address in Irvine California. Defendant employed the Plaintiff in ORANGE County, Florida.

5. The employment practices hereafter alleged to be unlawful were committed in Orange County, within the jurisdiction of the Middle District of Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff contends that she has exhausted all administrative remedies, prior to the filing of this action.

7. On or about February 26, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, as well as with the Florida Commission on Human Relations.

8. On or about August 7, 2020, Plaintiff filed an amended Charge of Discrimination with the Equal Employment Opportunity Commission, as well as with the Florida Commission on Human Relations.

9. It has been more than one-hundred eighty (180) days since the filing of Plaintiff's Charge of Discrimination.

10. The Florida Commission on Human Relations has not made any determinations as it relates to Plaintiff's charge.

## GENERAL ALLEGATIONS

11. Defendant offers vocational, trade, & career training programs and has an office in Orlando, Florida.

12. Plaintiff is a female over the age of forty (40).

13. Plaintiff was hired as a Student Finance Advisor on March 4, 2019.

14. Throughout her entire employment with the Defendant, Plaintiff was repeatedly subjected to disparagement because of her age with comments referring to her as "old", "elderly", and "slow" by her coworkers and supervisor, Ms. Tarisa Tibue-Henry.

15. These disparaging comments about the Plaintiff's age were made in front of Rebecca Innike, Director of Financial Aid, and Raymond Ada, Campus President.

16. On or about July 12, 2019, Plaintiff reported her concerns regarding age discrimination and harassment up her direct chain of command to Zelda Vinson, Amelia Nishida, and Celinas Jumelles. Plaintiff's concerns were ignored, and she continued to be disparaged on the basis of her age.

17. Because her concerns were ignored by her direct leaders, Plaintiff reported her concerns regarding age discrimination and harassment to Sherry McKaig, Human Resources.

18. Ms. McKaig took no action to address the Plaintiff's concerns.

19. Ada, Tibue-Henry and Jumelles held a meeting with the Plaintiff after she reported age discrimination to Ms. McKaig. For the first time during her employment, Plaintiff was told that she was "close to being fired." When she questioned the cause for this statement, Ada ignored the question and continued to repeat himself while sitting on his desk and leaning over the Plaintiff in an intimidating manner.

20. Ms. Tribue-Henry began to adversely manipulate Plaintiff's workload.

21. In November of 2019, the Plaintiff was placed in a vague Performance Improvement Plan (PIP) despite meeting or exceeding the Key Performance Indicators (KPI) and other metrics of her younger peers.

22. After the assigned student files were almost completed, Ms. Tribue-Henry reassigned them back to Plaintiff's peers. This inflated the KPI of Plaintiff's younger peers and adversely impacted the Plaintiff's KPI.

23. The actions of the Defendant caused the Plaintiff to experience severe depression and anxiety.

24. The Plaintiff requested to be transferred away from Ms. Tribue-Henry to open positions for which she was qualified, but she was denied.

25. On January 13, 2020, the Plaintiff yet again reached out to Ms. McKaig for assistance with protection from continued harassment and retaliation. Ms. McKaig ignored her concerns.

26. On February 18, 2020, the Plaintiff was fired under a pretext.

27. The Defendant interfered with the Plaintiff's Reemployment Insurance benefits.

## COUNT I – AGE DISCRIMINATION, IN VIOLATION OF ADEA and FCRA (Hostile Work Environment)

Plaintiff realleges and references each and every allegation contained in the preceding paragraphs1 through 25 and incorporates the same as if set forth fully herein.

28. This is an action for damages as a result of being subjected to a hostile work environment and brought pursuant to the ADEA and FCRA.

29. The actions of Defendant, by and through the conducts of its agents, more particularly described in the General Allegations section herein, constituted unlawful hostile work environment based on the Plaintiff's age. The Defendants tolerated and condoned this discriminatory environment that was inflicted upon older workers in general, and upon the Plaintiff in particular.

4

30. The conduct of Defendant, by and through the conduct of its agents, employees, managers and supervisors, and its failure to investigate and to take prompt, remedial action to prevent continued harassment of Plaintiff and other older employees, deprived Plaintiff of her statutory rights under the ADEA and FCRA.

31. The actions of Defendant, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's statutorily protected rights, entitling Plaintiff to punitive damages to punish Defendant for its actions and to deter it and others from such action in the future.

32. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded compensatory and punitive damages; that Plaintiff be awarded reasonable attorney's fees and costs; and that Plaintiff be awarded such other relief as the Court deems just and proper.

### COUNT II – RETALIATION, IN VIOLATION OF ADEA and FCRA
### (Hostile Work Environment (No Adverse Action))

Plaintiff realleges and references each and every allegation contained in the preceding paragraphs1 through 25 and incorporates the same as if set forth fully herein.

33. This is an action for damages because of retaliatory treatment through the creation of a hostile work environment under the ADEA and FCRA.

34. The actions of Defendant, by and through the conducts of its agents, more particularly described in the General Allegations section herein, constituted unlawful hostile work environment based Plaintiff's engagement in protected activity. The Defendants tolerated and condoned this discriminatory environment that was inflicted upon the Plaintiff who engaged in protected activity.

35. The conduct of Defendant, by and through the conduct of its agents, employees, managers and supervisors, and its failure to investigate and to take prompt, remedial action to prevent continued harassment of Plaintiff and other older employees, deprived Plaintiff of her statutory rights under the ADEA and FCRA.

36. The actions of Defendant, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's statutorily protected rights, entitling Plaintiff to punitive damages to punish Defendant for its actions and to deter it and others from such action in the future.

37. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded compensatory and punitive damages; that Plaintiff be awarded reasonable attorney's fees and costs; and that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT III – RETALIATION, IN VIOLATION OF
## ADEA and FCRA
## (Failure to Transfer, Wrongful Termination, and Interference with Reemployment Insurance Rights)

Plaintiff realleges and references each and every allegation contained in the preceding paragraphs 1 through 27 and incorporates the same as if set forth fully herein.

38. This is an action for damages as a result of retaliatory discharge, failure to transfer and continued post termination retaliatory treatment under the ADEA and FCRA.

39. As more fully described within the General Allegations, Defendant violated ADEA and FCRA by retaliating against Plaintiff for engaging in protected activity.

40. Defendant, by and through its agents, employees, managers and supervisors, unlawfully retaliated against Plaintiff because of the fact that she had engaged in the protected activity. Specifically, the Plaintiff was terminated, denied a transfer and had her reemployment insurance rights interfered with by the Defendant because of her engagement in protected activity.

41. A non-discriminatory and non-retaliatory reason does not exist to justify Defendant's retaliatory treatment of Plaintiff.

42. The actions of Defendant, by and through its agents, employees, managers, and supervisors, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

43. The actions of Defendant and/or its agents, employees, managers, and supervisors were willful, wanton, intentional and with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to damages in the form of compensatory and punitive damages to punish Defendants for these actions and to deter it, and others, from such actions in the future.

44. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages reinstatement, front pay and back pay, liquidated damages equal to any back pay, prejudgment interest, punitive damages; reasonable attorney's fees and costs; and that Plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

45. Plaintiff demands a trial by jury for all matters so triable.

Dated: June 4, 2022.

                Respectfully submitted,

                /s/ Frank M. Malatesta
                FRANK M. MALATESTA, ESQ.
                Florida Bar No. 00097080
                MALATESTA LAW OFFICE
                871 Venetia Bay Boulevard, Suite 235
                Venice, Florida 34285
                Telephone: (941) 256-3812
                Facsimile: (888) 501-3865
                Frank@malatestalawoffice.com
                Staff@malatestalawoffice.com
                *Counsel for Plaintiff*